IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUL 27 A 11 26



KELVIN WILLIAMS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV504-053

CARL HUMPHREYS, Warden;
RANDALL HOLDEN, and
Mr. COPELAND,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement. Defendants Humphrey and Holden ("Movants") filed a Motion for Summary Judgment, and Plaintiff has responded. For the following reasons, Movants' Motion for Summary Judgment should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiff contends that he has been denied a nutritionally adequate diet since his arrival at Ware State Prison. Plaintiff asserts that he needs adequate substitutions for certain foods, such as pork, due to his religious beliefs. Plaintiff alleges that he has suffered from nausea, abdominal pain, and weight loss as a result of his diet. Plaintiff also alleges that he wrote grievances to Humphrey and Holden regarding his claims that he has been denied adequate nutrition. Plaintiff asserts that Movants breached their duties because, after having been put on notice of Plaintiff's allegations via the grievance process, they failed to take measures to ensure that he received adequate nutrition.

Plaintiff contends that Movants knew or should have known that their inaction put Plaintiff's health at risk.

Movants aver that Plaintiff only filed one grievance in which he alleged that he was not receiving an adequate substitution for pork while housed at Ware State Prison. Defendant Humphrey, the Warden at Ware State Prison, asserts that Defendant Holden, the Deputy Warden, reviewed Plaintiff's grievance, responded to it, and signed Warden Humphrey's name to the grievance. Defendant Humphrey also asserts that Defendant Holden is authorized to respond to grievances on his behalf when neither Humphrey nor the Deputy Warden of Security are available. Defendant Holden alleges that he denied Plaintiff's grievance in this matter and did not order any corrective action because inmates are not entitled to a pork substitution and receive an adequate number of calories whether or not they receive a pork substitution in their meals.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260

2

(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

I.  **Respondeat Superior**

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails

3

to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Defendant Humphrey asserts that there is no evidence that he participated in any violation of Plaintiff's constitutional rights. Defendant Humphrey also asserts that Plaintiff cannot show a causal connection between his action or inaction and any alleged violation of Plaintiff's constitutional rights. (Defs.' Br., p. 8.) Defendant Humphrey alleges that he was not aware that Plaintiff filed a grievance pertaining to his dietary concerns until the time he filed an Answer to Plaintiff's Complaint. Defendant Humphrey avers that Defendant Holden, as the Deputy Warden of Care and Treatment, has permission to sign his name to grievances when he and the Deputy Warden of Security are not available. Defendant Humphrey contends that Defendant Holden signed the grievance Plaintiff filed concerning his dietary needs.

Plaintiff asserts that Defendant Humphrey has breached his duty by allowing other prison officials to sign his name to grievances. Plaintiff contends that having other prison officials sign his name to grievances is Defendant Humphrey's way of avoiding liability. (Doc. No. 50, p. 3.) Plaintiff also contends that Defendant Humphrey deliberately avoided awareness of Plaintiff's dietary concerns, which establishes the necessary causal connection.

Plaintiff has failed to establish that Defendant Humphrey was personally involved in any alleged violations of his constitutional rights. In addition, Plaintiff has failed to

4

establish that Defendant Humphrey was aware at any time before Plaintiff filed his Complaint that Plaintiff filed a grievance or otherwise complained about desiring a substitute for pork. Accordingly, Plaintiff has failed to establish the existence of a genuine issue of material fact as to whether he wishes to hold Defendant Humphrey liable based on anything other than his position as Warden. Defendant Humphrey is entitled to summary judgment.

II.     **Deliberate Indifference**

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard embodies the principle requiring prison officials to provide inmates with humane conditions of confinement, including adequate food. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994). "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. at 1319-20 (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1979). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. For summary judgment

5

purposes, all disputed facts are resolved in accord with Plaintiff's view of the facts. Id. at 1320.

Like any deliberate indifference claim, a prisoner must satisfy both an objective and a subjective inquiry. Chandler, 379 F.3d at 1289-90. Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed.2d 156 (1992). "Specifically, a prisoner must prove a serious medical need or the denial of the minimal civilized measure of life's necessities." Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Id. (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1979). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition or serious medical need in issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

Holden avers[1] that Plaintiff cannot establish that he was deliberately indifferent to Plaintiff's health. Holden contends that Plaintiff cannot demonstrate that being denied a pork substitute resulted in Plaintiff being denied the "minimal civilized measure [of] life's necessities." (Doc. No. 28, p. 6.) Holden asserts that Plaintiff receives an adequate number of calories regardless of whether he eats pork. Holden also asserts that Plaintiff's medical records reveal that Plaintiff has suffered no adverse physical consequences

---

[1] Defendant Holden has incorporated the arguments Defendant Copeland set forth in his Motion for Summary Judgment. Likewise, Plaintiff incorporates the arguments he set forth in his opposition to Defendant Copeland's Motion for Summary Judgment. Many record cites, therefore, may be to Defendant Copeland's Motion for Summary Judgment and the supporting pleadings.

6

because he chooses not to eat pork. Defendant Holden contends that Plaintiff cannot show that he acted with "obduracy and wantonness" toward Plaintiff's safety. (Defs.' Br., p. 5.) Defendant Holden alleges that he reviewed Plaintiff's grievance and properly denied his grievance "because inmates are not entitled to pork substitution and will receive an adequate number of calories whether . . . they receive a pork substitution." (Id.)

Plaintiff contends that his religious beliefs prevent him from consuming pork and that he is allergic to pork. Because of these issues, Plaintiff asserts that there "is a necessity for an adequate substitution for pork." (Doc. No. 34, p. 3.) Plaintiff alleges that Standard Operating Procedure IVL01-0002 provides that a pork item may be replaced by beef, chicken, or turkey, and that, to that extent, he has an inherent liberty interest in receiving a nutritionally adequate diet. Plaintiff asserts that he only made one complaint about abdominal pain but, because he has lost 12 pounds since his arrival at Ware State Prison, this is sufficient to meet the objective component of the deliberate indifference standard. Plaintiff contends that Defendant Holden was made aware of his complaints regarding his diet and nutrition because Plaintiff has filed grievances about these conditions.

Each party has submitted documents in support of his position. These documents reveal that Plaintiff is allergic to pork, and whether his allergy is merely self-reported or medically verifiable is unclear. (See Doc. No. 36, Exs. A1, A2; Doc. No. 30, Ex. G.) In addition, both parties have submitted a copy of SOP IVL01-0002, which is the SOP pertaining to food preparation, service, and transportation. Defendant Holden appears to rely on this SOP as a buttress for his position that Plaintiff receives adequate nutrition; however, the Court fails to understand how this SOP supports Defendant Holden's position that Plaintiff does not satisfy the objective requirement. This SOP states that the Georgia

7

Department of Corrections wrote its Master Menu to allow anyone who does not eat pork to receive the "required daily allowances." (SOP IVL01-0002, ¶ IVF1.) This SOP also states that "When a menu substitution is necessary, a pork item may *only* be substituted for another pork item. A pork item *may*, however, be replaced by beef, chicken, turkey, etc." (SOP IVL01-0002, ¶ IVF4) (emphasis supplied). There is no indication as to when another meat item may be a substitute for a pork item or when a pork item must be substituted for another pork item. The Court notes the existence of SOP IVL01-0002. Nonetheless, it appears that the Georgia Department of Corrections implemented this SOP in some way to justify the possible infringement on an inmate's constitutional rights. In turn, Defendant Holden seems to use this SOP in support of his position that Plaintiff is not entitled to a pork substitute (or perhaps to otherwise have a nutritionally adequate diet).

Defendant Holden also notes that Plaintiff's weight "has fluctuated" but "has not changed dramatically." (Doc. No. 28, p. 8.) Plaintiff asserts that his weight fluctuation is documented in his medical records as weight loss, and he also asserts that Defendant Holden has not contended that his weight gain is due to Plaintiff receiving a nutritionally adequate diet. (Doc. No. 34, p. 7.) As for the subjective component of this analysis, a review of Grievance Number 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 and Defendant Holden's Response indicates that Defendant Holden was aware that Plaintiff was not receiving a pork substitute. Defendant Holden denied Plaintiff's grievance, and in so doing, informed Plaintiff that his "claim that when pork is served by food service that a sufficient caloric substitute is not provided cannot be supported. Mr. Copeland, food service supervisor, states that it has been agreed... that any inmate [who] doesn't eat pork will still receive the required colories [sic] on the daily menu when by-passing the pork." (Doc. No. 30, Ex. D.)

8

There are genuine issues of material fact as to whether Defendant Holden was deliberately indifferent to Plaintiff's health and nutritional needs. Plaintiff's medical records clearly indicate that Plaintiff is allergic to pork. This, in turn, brings with it the questions of whether Defendant Holden was aware of Plaintiff's medical records and whether Defendant Holden upheld the denial of a pork substitute in Plaintiff's diet with deliberate indifference to his health and nutritional needs. Accordingly, Defendant Holden is not entitled to summary judgment on Plaintiff's deliberate indifference claim.

### III. Qualified Immunity

The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed.2d 396 (1982); see Stough v. Gallagher, 967 F.2d 1523, 1525 (11th Cir. 1992). "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." Harlow, 457 U.S. at 818-19, 102 S. Ct. at 2738. In employing the qualified immunity test, the court must consider the facts in the light most favorable to the plaintiff. Behrens v. Pelletier, 516 U.S. 299, 309, 116 S. Ct. 834, 840, 133 L. Ed.2d 773 (1996). In determining whether a defendant is entitled to qualified immunity, the Supreme Court stated:

> the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered on a more specific level.

9

Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155, 150 L. Ed.2d. 272 (2001). The Court determined that the first component of the bifurcated test requires a finding that the officer's alleged conduct violated a constitutional right. Id. (citing Siegert v. Gilley, 500 U.S. 226, 232, 11 S. Ct. 1789, 114 L. Ed.2d 277 (1991)). Upon finding, in the light most favorable to Plaintiff, that the alleged actions exhibited a constitutional violation, the Court adhered to the doctrine that the right allegedly violated must be clearly established. Id., 121 S. Ct. 2156; Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed.2d 523 (1987). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202, 121 S. Ct. at 2156; Wilson v. Layne, 526 U.S. 603, 615, 119 S. Ct. 1692, 143 L. Ed.2d 818 (1999). The Supreme Court required a more specific finding than one determining that plaintiff's allegations of a constitutional violation satisfied the second component of qualified immunity because a reasonable officer is aware of the general prohibitions on constitutional infringements. Saucier, 533 U.S. at 201, 121 S. Ct. at 2156.

Defendant Holden asserts that he is entitled to qualified immunity because he was performing discretionary functions, and, as a result, Plaintiff's suit against him in his individual capacity is barred. Defendant Holden contends that he did not have "fair warning" that the "specific actions alleged by the Plaintiff were unconstitutional." (Defs.' Br., p. 7.)

Plaintiff asserts that case law indicates that courts have condemned the practice of depriving inmates of water. Plaintiff also asserts that this decision, along with other

AO 72A
(Rev. 8/82)

decisions, could not allow Defendant Holden to reasonably believe that the policy and practice of not allowing a pork substitute is constitutional.

Defendant Holden's assertion that he did not have "fair warning" that the "specific actions alleged by the Plaintiff were unconstitutional" is without merit. Defendant Holden is undoubtedly aware that Plaintiff and all inmates have a constitutional right to receive an adequate diet. Because there are genuine issues of material fact as to whether Defendant Holden was deliberately indifferent to Plaintiff's health and nutritional needs, Defendant Holden is not entitled to summary judgment based on qualified immunity principles.

### IV.     Eleventh Amendment Immunity

Defendant Holden alleges that Plaintiff did not indicate whether he sued him in his individual and/or official capacities. Defendant Holden contends that he is immune from Plaintiff's claim for monetary damages to the extent Plaintiff has sued him in his official capacity. Plaintiff avers that he is seeking prospective injunctive relief against Defendant Holden, and therefore, he is not entitled to Eleventh Amendment immunity.

The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). A lawsuit against state officials in their official capacities is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed.2d 45, 58 (1989). In enacting 42 U.S.C.A. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id., 491 U.S. at 67, 109 S. Ct. at 1210. Because the state of Georgia would be the real party in interest in a suit against Defendant Holden in his

AO 72A
(Rev. 8/82)

official capacity, the Eleventh Amendment immunizes him from suit in his official capacity for monetary damages. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

To the extent Plaintiff seeks to hold Defendant Holden liable in his official capacity as a prison official at Ware State Prison, Defendant Holden is entitled to summary judgment on Plaintiff's monetary damages claims pursuant to Eleventh Amendment immunity. Plaintiff may proceed with his claims against Defendant Holden in his official capacity only for prospective injunctive relief.

## V. Physical Injury Requirement

Finally, Defendant Holden asserts that Plaintiff's institutional records show that he has not suffered any "short or long term physical injury" even though he alleges in his Complaint that he suffered from nausea, abdominal pain, and weight loss. (Doc. No. 28, p. 12.) Defendant Holden contends that 42 U.S.C.A. § 1997e(e) bars Plaintiff's claims for compensatory damages.

Plaintiff alleges that he lost 12 pounds and suffered from abdominal pains and nausea as a result of the unconstitutional deprivation of a pork substitute in his diet. Plaintiff also alleges that he is not required to make continuous medical appointments and that his weight loss is enough to show that he suffered a physical injury.

The Prison Litigation Reform Act ("PLRA"), in pertinent part, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e). This section of the PLRA requires a damages recovery for mental or emotional injury to be connected to a physical injury. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). The

12

physical injury must be more than *de minimis* in order to avoid the application of 1997e(e). Id. at 1313.

In support of his position that Plaintiff has not suffered a physical injury, Defendant Holden cites to Aziyz v. Chatman, No. 02-16295 (11th Cir. Jul. 17, 2003), an unpublished Eleventh Circuit opinion. The Court notes the persuasive value of this opinion but notes that Aziyz is distinguishable from the case *sub judice*. In Aziyz, the plaintiff complained about prison officials not recognizing his religious name. The Eleventh Circuit noted that plaintiff failed to establish a cause of action for compensatory or punitive damages for mental or emotional injury because he did not first establish a physical injury. However, in the case *sub judice*, Plaintiff alleges that he suffered physical impairments as a result of Defendant Holden's alleged unconstitutional action. Plaintiff has alleged that he suffered from physical injury sufficient to maintain his cause of action. (See Compl., p. 6.)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Humphrey and Holden (Doc. No. 44) be **GRANTED** in part and **DENIED** in part. Plaintiff's claims against Defendant Humphrey should be **dismissed**. Plaintiff's monetary damages claims against Defendant Holden in his official capacity should also be **dismissed**. Plaintiff's other claims against Defendant Holden should remain pending.

**SO REPORTED** and **RECOMMENDED**, this 27th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

13

# United States District Court
## Southern District of Georgia

WILLIAMS

)

vs

)   CASE NUMBER CV504-53

HUMPHREYS, ET AL

)   DIVISION WAYCROSS

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated _____, which is part of the official record of this case.

Date of Mailing: _____

Date of Certificate    ☐ same date,    or _____

Scott L. Poff, Clerk

By: _Sherry Taylor_
Sherry Taylor, Deputy Clerk

**Name and Address**

Andrew Magruder
Jesse Owen
Kelvin Williams, EF-536342, Ware State Prison, 3620 Harris Road, Waycross, GA 31501

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate